THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* VICTORIO COLÓN MÁRQUEZ ET AL., Defendants and Appellants.

No. 13223.   Argued June 2, 1948.—Decided June 8, 1948.

*G. Jiménez Sicardó* and *A. Mieres Calimano* for appellants. *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Victorio Colón Márquez and Emilio Ramos Ramos were accused and convicted in the Municipal Court of Río Piedras of a violation of the Alcoholic Beverages Act (No. 6 of June 30, 1936, Spec. Sess. Laws, p. 44), in that they transported

three gallons of distilled spirits without having affixed thereon the corresponding internal revenue stamps. They appealed to the District Court of San Juan, where, after a trial *de novo,* they were again sentenced for the offense charged. From that judgment they have appealed to this Court.

In the brief filed the appellants do not set out a true assignment of errors, confining themselves to the declaration, after presenting a statement of the case, that "Although errors could be charged separately against each of the findings made by the Honorable Judge of the lower court, which led him to deny the motion for wrongful search and suppression of evidence, the fact is that each one of them contains the same error, and it is for this reason that we are going to discuss it as a single error." Since a specific assignment of errors is lacking, the appeal could be dismissed on that ground alone. *People* v. *Román,* 46 P.R.R. 94, 95; *People* v. *Maldonado,* 45 P.R.R. 405, 410; and *People* v. *Jones,* 36 P.R.R. 86. However, in view of the fact that from the remaining statements in the brief it appears that the ground relied on for the appeal is that, in the opinion of the defendants, the lower court erred in denying their motion for suppression of evidence, we will consider the case on the merits.

Upon the case being called for trial, the court asked the parties if they were ready and they answered in the affirmative. Thereupon the defense waived the reading of the information and pleaded not guilty. It appears from the record that the trial judge *sua sponte* then stated that "there is a motion for suppression of evidence." The defense then suggested that said motion could be jointly heard. The record sent up to this Court does not contain the aforesaid motion for suppression of evidence or the grounds on which it was based. It further appears that after the defense stated that the motion in question and the case on the merits could be heard jointly, Santiago Ayuso testified under oath. Defense counsel conducted the direct examination of said witness and the district attorney later cross-examined him.

This gives the impression that the motion for suppression of evidence, instead of the case on the merits, was taken up first for hearing. However, at the close of the testimony of said witness, who was the only one who testified at the trial, the defense stated that in view of the evidence for the prosecution it moved that the search be declared illegal, mainly relying on our decision in *People* v. *Decós,* 62 P.R.R. 140. After the question was argued, and the defense having stated that "the other witness, in connection with our evidence to show that the search was illegal, would testify similarly as Mr. Ayuso did," the court overruled the objection and sentenced the defendants for the crime charged.

The alleged error is nonexistent. The present case is very dissimilar to that of *People* v. *Decós, supra.* In that case the defendant arrived at the public square of the town of Camuy in a public automobile and stopped therein. Then he was arrested and taken to police headquarters, where the police *suspecting* that he transported alcoholic beverages in violation of the law, compelled him to permit that the rear trunk of his automobile be opened. It was held that the search had been illegal and he was acquitted. The evidence introduced in the instant case shows, however, that on May 14, 1947, about 9 o'clock in the evening, the witness Santiago Ayuso, who was an internal revenue agent and was accompanied by another person, travelled in a small truck towards the ward of Campo Rico, of Río Piedras; that another automobile was traveling in the opposite direction, with its brightest lights on; that the witness then stopped his vehicle as far to his right as possible, near a railroad track which crosses the road at that place, and that, as the road was narrow, the defendants had to stop their automobile near the witness's truck when they were about to pass by, the doors of both vehicles almost coming in contact with each other; that then Ayuso, who had stepped out of the truck, noticed a strong odor of rum and, upon seeing that a liquid was flowing out of the door of defendants' automobile nearest the truck, he

touched and smelled the liquid and noticed that it was cane rum (*ron cañita*); that he then looked inside the vehicle and saw that there were three gallons of rum without the corresponding internal revenue stamps being affixed thereon, and he proceeded to arrest the defendants.

Since the question has not been raised, it is not necessary for us to determine whether the motion for suppression of evidence was presented timely and in due form. Cf. *People v. Nieves,* 67 P.R.R. 283. However, under the above-stated circumstances, it is unquestionable that there was probable cause for the search of the automobile and for the arrest of the defendants. As we stated in the case of *People v. Decós, supra,* citing that of *Carroll v. United States,* 267 U.S. 132: ". . . *upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are a valid.* . . " In the instant case the probable cause was entirely clear and the search and arrest were made in accordance with the law.

The judgment appealed from should be affirmed.

Mr. Justice De Jesús did not participate herein.